UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC. | CIVIL ACTION |
| VERSUS | 15-616-SDD-RLB |
| BEST BOILERS ENTERPRISE LLC d/b/a BEST BOILERS AND ADRIAN HAMMOND | |

### RULING

This matter is before the Court on the *Motion for Attorney's Fees and Court Costs*[1] by Plaintiff, J & J Sports Productions, Inc. ("Plaintiff"). The motion is unopposed. This motion comes after a *Ruling*[2] and *Judgment*[3] entered in favor of Plaintiff for claims brought pursuant to the Communications Act of 1934[4] and the Cable & Television Consumer Protection and Competition Act of 1992.[5]

### I. ATTORNEY'S FEES

Plaintiff seeks reasonable attorney's fees in an amount ranging between $3,000.00 and $4,500.00. Plaintiff has attached counsel's billing records for this matter and an *Affidavit* by Plaintiff's counsel, Ronnie J. Berthelot, ("Berthelot"), wherein Berthelot attests that he is an experienced attorney in Baton Rouge, Louisiana with nearly thirty-five years of practice experience, primarily in civil litigation. Berthelot argues that he has generally been awarded $300.00/hour in similar cases. Berthelot's billing records show that he

---

[1] Rec. Doc. No. 34.
[2] Rec. Doc. No. 29.
[3] Rec. Doc. Nos. 30 & 35.
[4] 47 U.S.C. § 605, *et seq.*
[5] 47 U.S.C. § 553, *et seq.*
Document Number: 42798

billed a total of 12.3 hours for his work on this case.

In the Fifth Circuit, the "lodestar" method is used to calculate reasonable attorneys' fees.[6] The "lodestar" analysis involves a two-step procedure.[7] Initially, the district court must determine the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. Then, the court must multiply the reasonable hours by the reasonable hourly rates.[8] The product is the "lodestar," which the court either accepts or adjusts upward or downward, depending on the circumstances of the case, assessing the factors set forth in *Johnson v. Georgia Highway Express, Inc.*[9]

A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous.[10] To determine a reasonable fee, a court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit.[11] The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation."[12]

---

[6] *In re Fender,* 12 F.3d 480, 487 (5th Cir.1994), *cert. denied*, 511 U.S. 1143, 114 S.Ct. 2165, 128 L.Ed.2d 888 (1994).
[7] *Louisiana Power & Light Company v. Kellstrom*, 50 F.3d 319, 323-324 (5th Cir.1995) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).
[8] *Id.* at 324.
[9] 488 F.2d 714, 717–19 (5th Cir.1974).
[10] *Hopwood v. State of Texas*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436–37.
[11] *Hensley*, 461 U.S. at 437–39; *Associated Builders & Contractors v. Orleans Parish School Board*, 919 F.2d 374, 379 (5th Cir. 1990).
[12] *Brantley v. Surles*, 804 F.2d 321, 325–26 (5th Cir.1986).

Document Number: 42798

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney.[13] The party seeking the fee bears the burden of proof on this issue.[14]

The Court begins by determining whether the number of hours claimed by Plaintiff's attorney is reasonable.[15] Local Rule 54 provides specific guidance regarding how this burden is met, stating: "the party desiring to be awarded such fees shall submit to the court a contemporaneous time report reflecting the date, time involved, and nature of the services performed. The report shall be in both narrative and statistical form and provide hours spent and justification thereof."[16] "Where the documentation of hours is inadequate, the district court may reduce the award accordingly."[17] The burden of proving the reasonableness of the hours expended is on the fee applicant.[18]

Berthelot contends he has expended 12.3 attorney hours in this lawsuit. The Court has reviewed line by line the billing statement submitted on behalf of counsel and finds the hours expended to be reasonable. The Court finds that Plaintiff's counsel has indeed exercised proper billing judgment. Berthelot struck the hours for clerical work, such as filing on the Court's electronic filing system. Berthelot prepared the initial pleadings, the initial disclosures, and participated in the discovery process. He also drafted the

---

[13] See Hensley, 461 U.S. at 433; Green v. Administrators of the Tulane Educ. Fund, 284 F.3d 642, 661 (5th Cir. 2002); Associated Builders & Contractors, 919 F.2d at 379; Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047 (5th Cir.1998); Kellstrom, 50 F.3d at 324.
[14] See Riley v. City of Jackson, 99 F.3d 757, 760 (5th Cir.1996); Kellstrom, 50 F.3d at 324.
[15] Migis, 135 F.3d at 1047.
[16] M.D. La. LR54(b).
[17] Cooper v. Pentecost, 77 F.3d 829, 832 (5th Cir. 1996) (quotation marks omitted); see also Kellstrom, 50 F.3d at 324 ("[A] district court may reduce the number of hours awarded if the documentation is vague or incomplete.").
[18] Mota v. Univ. of Tex. Houston Health Science Ctr., 261 F.3d 512, 528 (5th Cir. 2001).
Document Number: 42798

summary judgment motion. The Court finds 12.3 hours to be a reasonable expenditure of time for the necessities of this litigation.

Next, the Court must determine if the hourly rate of $300.00/hour for Berthelot's services is reasonable given his ability, competence, experience, and skill. An attorney's reasonable hourly rate should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."[19] The Fifth Circuit has emphasized that "the relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits."[20]

Berthelot has established that he has received this hourly rate in similar cases in Louisiana district courts. Considering the related precedent, the Court finds that the hourly rate of $300/hour is reasonable.[21]

Therefore, having determined the "lodestar" reasonable hourly rate and hours for Plaintiff's counsel, and after consideration of the *Johnson* factors,[22] the Court finds that

---

[19] *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *see also Leroy v. City of Houston*, 906 F.2d 1068, 1078–79 (5th Cir.1990) ("In evaluating an attorneys' fees award, we are guided by the overriding principles that a reasonable attorney's fee is one that is adequate to attract competent counsel, but that does not produce windfalls to attorneys ...." (quotation marks and alterations omitted)).

[20] *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quotation marks omitted).

[21] *See J & J Sports Productions, Inc. v. Mattech, L.L.C.*, No. 14-987, 2015 WL 5823026 at *2 (E.D. La. Oct. 6, 2015); *J & J Sports Productions, Inc. v. Wine Bistro, L.L.C.*, No. 13-6369, 2014 WL 4231180 (Aug. 26, 2014)(awarding Berthelot $350/hour); *J & J Sports Productions, Inc. v. Evolution Entertainment Group, LLC*, No. 13-5178, 2014 WL 6065601 (E.D. La. Nov. 12, 2014)(awarding Berthelot $300/hour). The prevailing market fee is generally determined by affidavits filed by attorneys practicing in the area. *Ball v. LeBlanc*, 2015 WL 4454779 at *3 (M.D. La. July 20, 2015), quoting *Tollett*, 285 F.3d at 368. However, markets of comparable sizes can be informative in determining the prevailing market rate of another district. *See e.g., Strogner v. Sturdivant*, No. 10–125–JJB–CN, 2011 WL 6140670, at *2 n.4 (M.D.La. Dec. 9,2011) **(finding that the rate in New Orleans could help determine the rate in Baton Rouge because after Hurricane Katrina, the size of New Orleans and Baton Rouge became more comparable)**; *Advocacy Center v. Cain*, 2014 WL 1246840, at *7 n. 6 (M.D. La. Mar. 24, 2014)(same).

[22] The twelve factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. Document Number: 42798

an attorney's fee in the amount of $3,690.00 is reasonable.

In accordance with Local Rule 54(a), the Court will refer the matter of costs and expenses to the Clerk of Court's Office.

I. **CONCLUSION**

For the reasons set forth above, Plaintiff's *Motion for Attorney's Fees and Court Costs*[23] is GRANTED.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 20 day of November, 2017.

*[signature]*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

*Johnson*, 488 F.2d 714, 717-19 (5th Cir.1974). Counsel presented no argument of the *Johnson* factors to the Court.
[23] Rec. Doc. No. 34.
Document Number: 42798